UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                  Case No: 16-51545
                                        Hon. Victoria A. Roberts

v.

BEVERLY CAMPBELL,

       Defendant.

_____/

## ORDER DENYING DEFENDANT'S REQUEST FOR HEARING ABOUT THE GARNISHMENT (ECF NO. 5)

### I. Procedural Posture

Beverly Campbell ("Campbell") is a former Detroit Public School principal who was sentenced for Conspiracy to Commit Federal Program Bribery under 18 U.S.C. § 371 and § 666(a)(1)(B) in September 2016.

The United States of America ("the U.S.") filed a writ for continuing garnishment as to Campbell with the Garnishee Office of Retirement Services ("ORS"). Campbell filed a Request for a Hearing about the Garnishment and Claim for Exemptions and a Request for Hearing about the Answer Filed by the Garnishee. Campbell raises no valid objections to either the garnishment or the answer filed by the Garnishee. For the reasons stated, Campbell's requests are **DENIED.**

1

## II. Rule of Law and Application to Defendant

A. Preliminary Issue: Pension Benefits May Be Subject to Garnishment for Restitution

While Campbell does not directly challenge the legality of garnishment of her pension benefits, she asks the Court not to garnish her pension because "it still has not been determined whether forfeiture of [her] pensions will take place and if so how it would impact [her] finances." Based on this request, it is not quite clear whether Campbell intends to challenge this Court's ability to garnish her pension benefits. To the extent it is a challenge, the Court denies it. The law is well-settled that pension benefits may be subject to garnishment to satisfy a criminal restitution order.

Under the Mandatory Victims Restitution Act of 1996 ("MVRA"), criminal defendants must pay full restitution to victims of their crimes, and the U.S. may enforce orders of restitution pursuant to 18 U.S.C. § 3613. *See* 18 U.S.C. § 3664(m)(1)(A). Section 3613(a) provides that "Notwithstanding any other Federal law… a judgment imposing a fine may be enforced against all property or rights to property of the person fined," subject only to several very limited exceptions. None of the exceptions applies here, so Campbell's claim that her pension should not be garnished is moot.

Prior to the passage of the MVRA in 1996, the Supreme Court held that pension plans could not be garnished under ERISA's anti-alienation provision, absent specific exceptions. *Guidry v. Sheet Metal Workers National Pension Fund*, 493 U.S. 365 (1990). Since then, however, federal courts have held that Congress, in passing the MVRA, created an exception to laws prohibiting the alienation of pension benefits. Such benefits may now be subject to garnishment for criminal restitution. *See U.S. v. Irving*,

2

452 F.3d 110, 126 (2d Cir. 2003) ("it appears that Congress accepted the Supreme Court's invitation in *Guidry* by enacting the [MVRA]"); *U.S. v. Novak*, 476 F.3d 1041, 1053 (9th Cir. 2007) ("[the] MVRA authorizes the enforcement of restitution orders against retirement plan benefits"; *U.S. v. DeCay*, 620 F. 3d 534, 541 (5th Cir. 2010) (holding that state-run pension plans are also subject to garnishment enforcing restitution orders: "Congress exempted certain retirement plans from garnishment under the MVRA...but did not include state-run pension plans in the list"). In general, pension benefits can be garnished in order to satisfy a restitution order just like all other property that doesn't fall under an enumerated exemption. Any challenge Campbell makes to the legality of the garnishment of her pension is denied.

### B.  Hearings About Garnishments: 28 U.S.C. § 3202

Campbell makes her request for a hearing under two different sections of the Federal Debt Collection Procedures Act, under which the federal government has the authority to enforce monetary judgments. 28 U.S.C. § 3202(a). The statute provides that after receiving a notice of garnishment, a judgment debtor has 20 days to request a hearing, and by doing so may move to quash the order granting the garnishment as restitution. Where there is no default judgment at issue, "the issues at such hearing shall be limited-- (1) to the probable validity of any claim of exemption by the judgment debtor; [and] (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted." 28 U.S.C. § 3202(d). No default judgment is at issue in this case.

While the statutory language requires that the court "shall hold a hearing…as soon as practicable," courts have denied requests for hearings "where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *U.S. v. Miller*, 588 F. Supp. 789, 797 (W.D. Mich. 2008) (denying a hearing where debtor failed to identify any valid objections to the writ of garnishment). If a defendant/debtor does not raise either of the statutorily permissible issues in her request for a garnishment hearing, the request should be denied. *See also U.S. v. Mahar,* 42 F.3d 1389 (6th Cir. 1994) (debtor's claim of financial hardship was not a permissible subject for a § 3202(d) hearing); *U.S. v. Lawrence*, 538 F. Supp. 3d 1188, 1194 (D.S.D. 2008) ("If Congress wanted to allow for the equities present in each case to be delved into at a § 3202(d) hearing, then it most assuredly would have said so and expanded the scope of the statute accordingly.")

It is not clear whether Campbell intended to file a request for a hearing in response to the Notice of Garnishment, to the Answer of Garnishee Office of Retirement Services, or both. Her request includes a cover sheet for both and an attachment that could be interpreted as an accompaniment to either. For the purposes of this opinion, it is assumed that she intended to request both a §3202 and a §3205 hearing.

In addition to the Attachment explaining her reasons for opposing the garnishment, Campbell's Request includes an exemption form in which she checked off Exemption #11 (Minimum Exemptions for Wage, Salary, and Other Income). Under §3202(d), the probable validity of this exemption claim may permissibly be raised. However, a hearing likely is not necessary to determine the validity of the claim at all.

4

Exemption #11 provides that "[t]he aggregate disposable earning of an individual for any workweek which is subject to garnishment may not exceed...25% of his disposable earnings." The Answer of the Garnishee states that Campbell's monthly disposable earnings (her pension benefits) total $4424.56, and that the amount to be garnished is 25% of that number: $1106.14. The United States recognizes that garnishment of these earnings is limited to 25%, and its mathematical calculation is correct. Campbell provides no valid basis for claiming Exemption #11, and a hearing is not necessary. *See Miller, supra:* a court may deny a hearing "where the objection is plainly without merit."

Campbell also does not raise §3202(d)'s other permissible issue of statutory compliance. Her request, if it is in fact a request in response to the notice of garnishment subject to §3202(d), is denied.

### C.  Hearings About Answers Filed By Garnishees: 28 U.S.C. § 3205

Campbell's cover sheet seems to include a request for a hearing under 28 U.S.C. § 3205, the "Garnishment" provision of the Federal Debt Collection Procedures Act, as well. §3205(c)(5) provides that a judgment debtor may object to an Answer filed by a Garnishee by filing a written request for a hearing.

Importantly, a §3205 hearing is *not* subject to the same limitations as a §3202(d) hearing. §3205(c)(5) merely requires that "[t]he party objecting shall state the grounds for the objection and bear the burden of proving such grounds." "That statute [unlike §3202(d)] does not limit the purposes for such a hearing." *Miller* at 797 (*see also U.S. v. Crowther*, 472 F. Supp. 2d 729 (E.D. Texas 2007).

5

While a defendant/debtor requesting a hearing in response to a garnishee's answer under §3205 may raise any issue in her objection, the Court still has discretion to decide whether or not the objections are worthy of a hearing. *Id.* §3205(c)(5), like §3202(d), requires that the court "shall hold a hearing," but a court may deny a request where the objection lacks reason or merit. *U.S. v. Menifield*, 2016 WL 6395472, at *1 (E.D. Mich. 2016) (denying request for §3205 hearing where defendant merely challenged the amount of the garnishment). If a debtor raises a valid objection to a garnishee's answer, this Court may grant her request for a hearing.

Under §3205, Campbell is required to state the grounds for the objection and bear the burden of proving those grounds. In her Attachment, Campbell states that "Garnishment would affect [her] ability to meet obligatory financial commitments."

Courts within the Sixth Circuit have ruled that financial difficulties are not a sufficient objection to a garnishment. *See U.S. v. McGhee*, 2007 WL 4326807, at *1 (E.D. Mich. 2007) ("poverty does not constitute a defense to a writ of garnishment"); *U.S. v. Mannarino*, 2014 WL 2611831, at *3 (N.D. Ohio 2014) (denying debtor's request for a hearing after she argued that garnishment was unfair due to her personal financial difficulties); *see also U.S. v. Menifield, supra; U.S. v. Mahar, supra.*

For the reasons stated, Campbell's requests for a hearing under §3202(d) and §3205(c)(5) are **DENIED.**

**IT IS ORDERED.**

                                        S/Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated: December 21, 2016

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 21, 2016.
>
> s/Linda Vertriest
> Deputy Clerk